Robert C. Moest (Bar No. 62166)
LAW OFFICES OF ROBERT C. MOEST
2530 Wilshire Blvd. 2nd Floor
Santa Monica, CA 90403
Tel: (310) 915-6628
(310) 915-9897 (fax)
rmoest@gmail.com

David M. Liberman (Bar No. 108469)
9709 Venice Blvd. No. 4
Los Angeles, CA 90034
Tel. (310) 418-6464
mightyarm@msn.com

Attorneys for Plaintiff
Krishna Lunch of Southern
Cal. Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KRISHNA LUNCH OF SOUTHERN CALIFORNIA, INC., a California nonprofit religious corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MONROE GORDEN JR., Vice Chancellor of Student Affairs; ALLISON BAIRD-JAMES, Interim Vice Chancellor and Chief Financial Officer; MICHAEL J. BECK, Administrative Vice Chancellor; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No.<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

INTRODUCTION.

1. This is a civil rights action for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201-02. Plaintiff, Krishna Lunch of Southern California, Inc. ("Krishna Lunch") challenges the abridgement of its

///

constitutional rights under the Free Speech, Assembly and Association Clauses of the United States Constitution.

2. Plaintiff seeks to hold a vegan and vegetarian lunch program twice a week at a small location on the west side of Bruin Plaza on the UCLA campus. The distribution and sharing of sanctified vegetarian and vegan food is a core evangelical mandate of the Krishna consciousness religion. Krishna Lunch seeks to convey an important and timely message about the spiritual, environmental, and medical benefits of a vegetarian and/or vegan diet.

3. Krishna Lunch is also a vital and efficacious way that plaintiffs are able to bring people together for the common purpose of advancing their shared pro-animal/anti-meat message and goals.

4. The Defendants refuse to allow Krishna Lunch on campus unless it pays a $500 daily permit fee, which is unreasonable and unjustified, and which plaintiff cannot afford.

5. Even if Plaintiff pays the $500 fee, Defendants have also restricted Krishna Lunch to four times per quarter ("4-day Restriction or Rule") as opposed to a bi-weekly arrangement that was in place when Defendants held the Krishna Program during the Spring and Summer quarters of 2022.

6. The Defendants have threatened to cite, arrest and/or prosecute Plaintiff if it attempts to hold Krishna Lunch without permission.

7. Plaintiff has not carried out its expressive activities on campus in direct response to that threat.

8. Plaintiff seeks a declaration that the $500 daily permit fee, together with the 4-Day Restriction, is tantamount to a complete ban on Krishna Lunch, in violation of the First and Fourteenth Amendments to the United States Constitution. Plaintiff also seeks an order enjoining the Defendants from imposing these restrictions on Krishna Lunch as a condition of allowing it to distribute its sanctified, vegetarian and vegan food on campus.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3)(civil rights). The claims arising under the California Constitution are within the pendent jurisdiction of the Court.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) since the cause of action arises within this district, and the plaintiffs and defendants reside within it.

## PARTIES

11. Plaintiff, Krishna Lunch of Southern California, Inc., is California nonprofit, religious corporation.

12. Defendant, Monroe Gorden Jr., is the Vice-Chancellor for Student Affairs at UCLA, and is one of the persons involved in decisions to grant or deny the permit that Plaintiff seeks herein. Mr. Gorden is also one of the persons who would be responsible for implementing any injunctive relief obtained by Plaintiffs.

13. Defendant Allison Baird-James is the Interim Vice-Chancellor and Chief Financial Officer for UCLA. On the basis of information and belief obtained from UCLA's organizational chart available online, she is one of the persons involved in decisions to grant or deny the permit that Plaintiff seeks herein, and would also be one of the persons responsible for implementing any injunctive relief obtained by Plaintiffs.

14. Defendant, Michael J. Beck, is the Administrative Vice-Chancellor of UCLA. On the basis of information obtained from UCLA's Regulations, he is one of the persons involved in decisions to grant or deny the permit that Plaintiff seeks herein, and would also be one of the persons responsible for implementing any injunctive relief obtained by Plaintiffs.

15. The names and capacities of Defendant Does 1 through 10 are unknown to the Plaintiff at this time. Plaintiff believes in good faith that one or more of the Doe defendants are members of a UCLA entity entitled "Campus Facilities Coordinating Commission" ("CFCC") and participated in and approved the

restrictions on Krishna Lunch. Plaintiff will amend this allegation with the true names and capacities of the Doe Defendants when that information is discovered.

## FACTUAL ALLEGATIONS

16. Krishna Lunch adheres to the evangelical teachings of Krishna consciousness, a religion within "the broad theological umbrella of the Vaishnava tradition of Bhakti Hinduism, formalized in the ninth century in Southern India." *Int'l Soc'y for Krishna Consciousness v. Barber*, 650 F.2d 430, 433 (2d Cir. 1981). Krishna consciousness was introduced in America in 1965 by His Divine Grace A.C. Bhaktivedanta Swami Prabhupada (Srila Prabhupada) the eleventh guru in a succession of spiritual teachers extending to the 15th Century in Bengal, India.

17. A core tenet of Krishna consciousness requires followers of the religion to meet and interact with people in public places in order to educate them about the beliefs and practices of Krishna consciousness, including such issues as global warming and climate change, vegetarianism and veganism, animal protection, God-centered ecology, the relationship between science and religion, and the origin of life and the universe.

18. Krishna consciousness teaches that the consumption of sanctified, vegetarian and vegan food – known in the Sanskrit language as "prasadam" – is essential for the spiritual and material welfare of Society. "The Krishna consciousness movement is based on this principle: chant the Hare Krishna mantra at every moment, as much as possible, both inside and outside of the temples, and, as far as possible, distribute prasāda. This process can be accelerated with the cooperation of state administrators and those who are producing the country's wealth. Simply by liberal distribution of prasāda and sankīrtana, the whole world can become peaceful and prosperous." A.C. Bhaktivedanta Swami Prabhupada, *Srimad Bhavatam,* 4.12.10 (purport).

19. Krishna consciousness further teaches that those who consume prasada are protected from the inherent dangers of the material world. "The material world

is full of contaminations, and one who is immunized by accepting prasada of the Lord (food offered to Visnu) is saved from the attack, whereas one who does not do so becomes subjected to contamination." A.C. Bhaktivedanta Swami Prabhupada, *Bhagvad-gita As It Is*, 3.14 (purport). The distribution and sharing of prasadam is thus one of the most important spiritual practices followed by members of the Krishna consciousness movement.

20. In furtherance of its evangelical mission, Krishna Lunch seeks, inter alia, to provide a practical, concrete example of an alternative to a meat-based economy and food supply. By consuming prasadam in the context of a campus lunch program, and speaking with Krishna Lunch representatives, the students, faculty, administrators, and employees of the UCLA community will be able to better understand the importance of animal protection and the damage caused by animal slaughter and meat consumption, and will hopefully develop an appreciation for the benefits and enjoyment of a Krishna conscious lifestyle, including a vegetarian and vegan diet.

21. The Krishna Lunch program is also a vital and efficacious way that plaintiffs are able to bring people together for the common purpose of advancing their shared pro-animal/anti-meat message and goals.

22. Plaintiff's message and program is fully consistent with academic mission of the University. "[UCLA] is committed to assuring that all persons may exercise the constitutionally protected rights of free expression, speech, assembly, and worship. . . . [UCLA] is committed to assuring that all persons may exercise the constitutionally protected rights of free expression, speech, assembly, and worship." UCLA Regs. on Activities, Registered Campus Orgs. & Use of Properties § I (July 29, 2010) ("Campus Regs."); *see also* Policies Applying to Campus Activities, Organizations and Students, § 30.00 (July 24, 2004) ("The University is committed to assuring that all persons may exercise the constitutionally protected rights of free expression, speech, assembly, and

1  worship" and §30.10 ("PACAO")("It is the responsibility of the Chancellor to
2  assure an ongoing opportunity for the expression of a variety of viewpoints.").

3      23.  Founded in 1919, UCLA occupies 416 acres in the Westwood Village
4  section of Los Angeles.  The University has a total enrollment of over 43,000
5  undergraduate, graduate, and medical/dental students.  There are also about 4,300
6  faculty members, and 43,000 employees.

7      24. Krishna Lunch seeks to distribute its sanctified, vegetarian and vegan
8  lunches twice weekly for approximately three hours per day, adjacent to the statue
9  of the "Bruin Bear" located on the west border of Bruin Plaza. This area, depicted
10 in Exhibit "I" attached to the declaration of Dennis Brown in Support of Plaintiff's
11 Application for a TRO and OSC re Preliminary Injunction, is available for the
12 exercise of expressive activities. *See* UCLA Policy 860, Guidelines for Use, Bruin
13 Plaza – EV146, found at https://ucla.app.box.com/s/szzzgcemsdgmykp71
14 tn6xqn4jtu4rn76.

15     25.  In February, 2016, Plaintiff first sought permission from UCLA to
16 conduct Krishna Lunch at a location adjacent to Bruin Walk East and the Student
17 Activity Center, that was available at that time. Notwithstanding Plaintiff's ability
18 and willingness to adhere to every reasonable rule and regulation, UCLA denied
19 the request. An action was then filed and litigated in C.D. Cal. Case No. 16-cv-
20 8422. On appeal, the Ninth Circuit held that the distribution of sanctified vegan
21 and vegetarian food is a form of expression and association that is protected by the
22 First Amendment. *Krishna Lunch of S. Cal. v. Gorden*, 797 Fed.Appx. 311, 313-14
23 (9th Cir. 2020).

24     26.  On behalf of the plaintiff, Dennis Brown, president and on-site manager
25 of Krishna Lunch, subsequently requested permission on or about April 4, 2022
26 from the UCLA Events Office to conduct Krishna Lunch twice a week for the
27 Spring and Summer quarters. On May 3, 2022 the UCLA Events Department
28 granted "provisional approval for Krishna Lunch to reserve an outdoor space twice

a week for the remainder of the Spring Quarter to engage in free speech activity which . . . includes the distribution of vegetarian and vegan meals and discussions relating to the specialized food."

27. In conjunction with the approval, plaintiff and UCLA entered into a *University of California Los Angeles Special Events Agreement* ("Agreement") which includes most, if not all, of the rules and regulations Plaintiffs were required to follow. On July 3, 2022, approval was extended to September 15, 2022.

28. In or about June, 2022, Plaintiff commenced the Krishna Lunch program at a location on Bruin Walk East near Kerckhoff Hall, that was designated by the Events Department as a suitable venue. The Summer permit expired on September 15, 2022. Plaintiffs were not informed by UCLA Events Coordinator, Chansoth Hill, or any other UCLA official that there had been any problems with Krishna Lunch. On the contrary, Plaintiff diligently followed all of the applicable rules and regulations as set forth in the Agreement, and the program was well-received by the UCLA community.

29. On August. 22, 2022, Dennis Brown (aka "Govinda Datta" or "Govinda") inquired from Events Coordinator Hill whether it was an acceptable time for Krishna Lunch to apply for a permit for the Fall, 2022 quarter, which commenced on September 19, 2022. The following day, August 23, 2022, Ms. Hill replied that she had forwarded Govinda's request to the "Administration" and would let him know when she received a reply.

30. Govinda did not hear from Ms. Hill or anyone else at UCLA for two weeks. Accordingly, on Sept. 7, 2022, he inquired as to the status of the permit. The same day, Ms. Hill informed Govinda that "[t]he University Administration committee is meeting later [Sept. 7] today about this matter" and that she "hope[d] to get an answer" by September 8.

31. On September 12, 2022, Govinda again inquired about the status of the Krishna Lunch request. The same day, Ms. Hill informed him that she was "still

waiting to get something from the Administration." On September 14, 2022, the last day before the Fall quarter was to begin, Govinda expressed his anxiety that a permit had not as yet been approved, even though the Fall quarter was to begin on September 19, 2022. The same day, Ms. Hill informed Govinda that she "was told that information will be sent to [him] tomorrow." And on the next day, Ms. Hill informed Govinda that the "latest information [she had was] that the Administration will be sending you a response before next week."

32. On September 18, 2022 Govinda requested a meeting with Ms. Hill, as well as any other UCLA officials, to discuss various possible locations and related matters. A meeting between Ms. Hill and Govinda took place on September 22, 2022. During the meeting, which was held on the campus, Govinda and Ms. Hill discussed a number of locations that might be available. Ms. Hill stated during the meeting that those areas were ostensibly available, but no matter which area was approved, there would be a *non-waiveable $500 permit fee*.

33. On September 29, 2022, ten days *after* the beginning of the Fall quarter, Govinda sent another email to Ms. Hill specifically requesting a location near the statue of the Bruin Bear on the west border of Bruin Plaza, which is one of the locations they had discussed in their previous meeting. (Brown Decl. Ex. I). Govinda reminded Ms. Hill that there were no problems whatsoever in the four months that Krishna Lunch distributed its sanctified food on Bruin Walk East, and that no fees were assessed by UCLA at that time. Govinda also explained that Krishna Lunch was a nonprofit, religious organization that relied on voluntary donations, and could not afford the $500 daily fee. Govinda also mentioned that Krishna Lunch was suffering substantial constitutional and economic damages on account of the lengthy time it was taking to grant (or deny) a permit.

34. On October 6, 2022, Ms. Hill informed Govinda that UCLA would not waive (or even reduce) the $500 fee; nor were any alternative locations available for a lesser amount.

35. UCLA has affirmatively opened the campus sidewalks and lawn areas to the general the public. The "paved pedestrian walkways and lawns on University property are generally open to the public" between the hours of 6:00 a.m. and midnight. *See* Campus Regs. § II.

36. Plaintiffs believe that young people, especially college students, are particularly receptive to their message. Srila Prabhupada recognized that many students receiving prasadam will be future leaders, teachers and government officials, who will shape future policies and influence world events. Distributing prasadam to them, Srila Prabhupada taught, will help today's students become spiritually enlightened and ultimately will lead the world to peace and prosperity.

37. Plaintiffs further believe that sharing their food in a highly visible public place where members of the UCLA congregate, such as Bruin Plaza, serves the critical purpose of bringing widespread attention to the importance and relevance of their religious beliefs, including the "rights" of animals. Krishna Lunch seeks to elicit sympathy for and understanding of the deplorable manner in which animals are treated, and also seeks to motivate members of the UCLA community to take action on their behalf.

38. It is Plaintiff's experience that in disseminating their religious beliefs in public forums such as Bruin Plaza, regular, ongoing interaction with interested persons is essential in order to convey its message in a meaningful way.

39. "Violation of University policies or campus regulations may subject a person to legal penalties." Campus Regs. § IV.A.2.

40. In connection with the denial of Plaintiff's February, 2016 request, Senior Campus Counsel, David Birnbaum, warned Plaintiff on August 8 and 15, 2016, that it would be prosecuted, inter alia, under Cal. Educ. Code § 92440.5 and Cal. Code Regs. §§ 100004 and 1000012, and other applicable codes and ordinances, should it attempt to conduct the program without approval.

41. Pursuant to these regulations and warnings, Plaintiff has ceased all

activity on campus under pain of arrest and/or prosecution.

42. The acts and practices of the Defendants, as well as their officers, agents, employees, and designees were/are performed under color of state law, and are the actions of the state within 42 U.S.C.§ 1983 and the Fourteenth Amendment.

## First Cause of Action -- Violation Of 42 U.S.C. § 1983

### [Violation of Freedom of Speech]

43. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 42, as though fully set forth herein.

44. The Defendants' refusal to allow Krishna Lunch to conduct its lunch program at Bruin Plaza unless it pays a non-waiveable $500 permit fee, as well as restricting Krishna Lunch to 4-Days per quarter, is tantamount to a total ban on Plaintiff's right to freedom of speech and expression in a public forum.

45. The $500 fee is an unconstitutional prior restraint on Plaintiff's expressive activities. It also fails as a valid time, place, and manner restriction on Plaintiff's expression, because it is content based; it fails to advance a significant governmental interest; it is not narrowly tailored in that it burdens substantially more speech than is required; and it does not leave open meaningful alternative channels of communication.

46. The 4-day restriction also fails as a valid time, place, and manner restriction on Plaintiff's expression, in that it is posited on the identity, as well as the subject matter, of Plaintiff's speech; it fails to advance a significant governmental interest; it is not narrowly tailored to achieve Defendants' asserted interests; it burdens substantially more speech than is required; and it does not leave open meaningful alternative channels of communication.

47. The UCLA regulations governing the permit process is also a prior restraint of Plaintiff's expression that lacks the procedural safeguards required by the First Amendment, particularly granting or denying permits in a specified, brief time, providing written reasons for any denial, and failing to provide an

expeditious opportunity to appeal denial of a permit.

### Second Cause of Action -- Violation Of 42 U.S.C. § 1983

### [Violation of Assembly and Association]

48.  Plaintiffs re-allege and incorporate by reference paragraphs 1 through 47, as though fully set forth herein.

49.  The Krishna Lunch program seeks to bring together UCLA students, faculty members, employees, and Administrators for the common purpose of advancing the rights of animals, and promoting a meat-free diet and lifestyle.  In particular, Krishna Lunch will provide a forum for the collective espousal of such issues as ending animal slaughter; shutting down "factory farms" that torture and abuse animals prior to and during slaughter; and promoting solutions to global warming and climate change.

50.  Plaintiff will also distribute its sanctified, vegan and vegetarian meals to persons who may be interested in eliminating meat from their diet, and embracing Plaintiff's pro-animal/anti-meat message. This association serves to not only reinforce the common goals of animal protection and adhering to a plant-based diet and lifestyle, but also seeks to induce additional students, faculty, administrators, and employees to incorporate and adopt such beliefs and practices into their personal lives.

51.  The 4-Day restriction and $500 permit fee effectuate a complete ban on Plaintiff's associational rights, that fail as a time, place and manner restriction on Plaintiff's right to assemble and associate. The restrictions are based on Plaintiff's identity and views; is not supported by a significant governmental interest; burdens substantially more speech than is required; and fails to provide adequate alternative channels of communication.

///

///

**EQUITY AND IRREPARABLE INJURY**.

52. There is between the parties an actual controversy as set forth herein. The plaintiffs are suffering irreparable injury and are threatened with irreparable harm in the future by reason of the acts alleged herein, inasmuch as a substantial loss or impairment of freedom of speech, religion and association has occurred, and will continue to occur, so long as the defendant's conduct continues. Plaintiffs will be harassed, intimidated, cited, arrested, or prosecuted by the Defendants, or their agents and designees, if they attempt to exercise their constitutional rights anywhere on the UCLA campus.

53. Plaintiffs have no plain, adequate, or complete remedy to speedily redress the wrongs complained of herein other than this action. Any other remedy to which plaintiffs could be remitted would be attended by such uncertainties and delays that it would cause further irreparable injury, damage, and inconvenience to them. Damages, while applicable, are not adequate to fully protect plaintiffs from the continuing effects of abridgment of their expressive rights.

**RELIEF**.

Wherefore, Plaintiffs prays that this Court grant the following relief:

(1) A preliminary and permanent injunction prohibiting the Defendants, along with their agents, officers, employees, designees, and any person or entity acting in concert with them, from enforcing the $500 permit fee, together with the four-day-per-quarter restriction, on Plaintiff's right to conduct the Krishna Lunch program, and associated expressive activities, on the public, non-exclusive areas on the UCLA campus;

(2) A declaration that the Defendant's restriction, on its face and as applied to the Krishna Lunch program and associated activities, contravenes the First and Fourteenth Amendments to the United States Constitution.

(4) Attorney's fees, including expenses of counsel;

(5) Costs of suit; and

(6) Such other and further relief as the Court deems just and proper.

Dated: November 13, 2022          Respectfully submitted,

LAW OFFICES OF DAVID M. LIBERMAN
-and-
LAW OFFICES OF ROBERT C. MOEST

By: _____S/Robert C. Moest_____
Robert C. Moest
Attorneys for Plaintiffs